# SUPREME COURT.

## John H. Gregg agt. William T. Reader and others.

When an *answer* contains a mere denial of the allegations of the complaint, or of *some* of its material allegations, and is duly *verified*, it should never be stricken out. (*The decisions pro and con upon this question reviewed.*)

Judges should not be anxious to assume the responsibility of deciding questions of fact, as to the truth or falsity of an answer, in this way.

*Tioga Special Term, March,* 1858.

The answer in this case contains a denial of some of the material allegations of the complaint, and the answer is verified according to the requirements of the Code, and the plaintiff moves to strike out the answer as a sham answer, on the ground that it is false.

E. P. Hart, *for motion.*
S. G. Hathaway, *contra.*

Mason, Justice. Whatever may be said as to whether an answer which merely denies the allegations of the complaint, and is not verified, can be stricken out on motion as a sham answer under the Code, I am of opinion that an answer verified as required by the Code, when such answer merely denies the allegations of the complaint, or some of the material allegations thereof, cannot be stricken out as a sham answer. I am aware that there are adjudged cases under the Code, which hold the contrary doctrine, but the opinion prevails pretty generally with the justices of this court, and in all the districts thereof, except one, that such an answer cannot be stricken out as sham upon the allegation that it is false, as will be seen by a reference to the adjudged cases. (*Davis* agt. *Porter,* 4 *How. R.* 155; *Darrow* agt. *Miller,* 5 *How. R.* 247; *Seward* agt. *Miller and Miller,* 6 *How. R.* 312; *White, Receiver* agt. *Bennett and others,* 7 *How. R.* 59, 61; *Livingston* agt. *Finkle and others,* 8 *How. R.* 485; *Benedict* agt. *Tanner,* 10

*How. R.* 455; *Winne* agt. *Sickles,* 9 *How. R.* 217; *Grant* agt. *Power and others,* 12 *How. R.* 500; *Meir* agt. *Cartledge and others,* 8 *Barb. R.* 75; *Caswell* agt. *Bushnell,* 14 *Barb. R.* 393; 18 *W. R.* 565; 2 *Barn. & Cress.* 81; 4 *Bing. R.* 512.) Judges should not be anxious to assume the responsibility of deciding questions of fact, as to the truth or falsity of the answer, in this way. It is hardly proper to try such a question upon affidavits, and I have invariably adhered to the safer rule laid down in 2 *Cow. R.* 637, *and* 8 *Barb. R.* 78, 79, which is to suffer the answer to stand upon a very slight suggestion of its truth; a mere probability of its truth; some reason for believing it to be interposed in good faith, is sufficient to allow the answer to stand. And where the answer contains a mere denial of the allegations of the complaint, or of some of the material allegations, and is verified according to the requirements of the Code, I think the answer should never be stricken out, and such is the rule affirmed by all of the cases above referred to. This motion must be denied, but as there are reported cases, and several of them, which hold a contrary doctrine, and as we are not reported in this district, on the question, I am inclined to deny this motion without costs.